# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

# WEST PALM BEACH DIVISION

KAREN BISHOP,

Plaintiff,

v.

FILED BY _/CS_ D.C.

MAY 1 6 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CITY OF BOYNTON BEACH,

BRADLEY HARPER,

LAGOS,

LAMB,

DEJESUS,

Defendants.

Civil Action No.: _____ (To be assigned)

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

# (42 U.S.C. § 1983)

1

## TABLE OF CONTENTS

**Section**                    **Page**

Preliminary Statement……….3

Jurisdiction and Venue………3

Parties      …………………….3

Summary of Constitutional Claims…4

Prior Attempts at State Relief..5

Factual Allegations…………....5

Defendant Misconduct Chart…6

Legal Claims (Counts I–V)……7

Punitive Damages Demand…..8

Demand for Jury Trial………….9

Prayer for Relief  ……………….9

## PRELIMINARY STATEMENT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to vindicate the fundamental rights guaranteed to Plaintiff Karen Bishop by the First, Eighth, and Fourteenth Amendments to the Constitution of the United States. Defendants, acting under color of state law, unlawfully terminated Plaintiff's essential water services, retaliated against her for exercising her constitutional right to petition the government for redress, denied her procedural due process through ex parte proceedings and refusal to accept service, discriminated against her as a pro se litigant, and subjected her to inhumane living conditions. Plaintiff seeks compensatory damages, punitive damages, declaratory relief, and injunctive relief restoring her access to essential water services.

## JURISDICTION AND VENUE

Jurisdiction is proper under **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1343** (civil rights jurisdiction).

Venue is proper under **28 U.S.C. § 1391(b)** because the events and omissions giving rise to the claims occurred in Palm Beach County, Florida, within the Southern District of Florida.

## PARTIES

Plaintiff Karen Bishop is a resident of Palm Beach County, Florida, and a citizen of the United States.

3

Defendant City of Boynton Beach is a municipal corporation organized under the laws of the State of Florida.

Defendant Bradley Harper was, at all relevant times, a public official engaged in court administrative actions affecting Plaintiff.

Defendant Lagos was, at all relevant times, acting under color of law as an employee or agent for the City of Boynton Beach.

Defendant Lamb was, at all relevant times, an authorized agent for service of process for the city.

Defendant DeJesus was, at all relevant times, an authorized agent for service of process for the city.

## SUMMARY OF CONSTITUTIONAL CLAIMS (FLOWCHART)

| First Amendment | Retaliation about Complaints, | Loss of Water Service, Denial of Access to Court |
|---|---|---|
| Fourteenth Amendment (Equal Protection) | Discrimination Against plaintiff as Pro Se litigant | Unequal treatment |
| Eighth Amendment | Inhumane Conditions, Denial of Water | Physical Hardship, Emotional Distress, Health Risks |
| Fourteenth Amendment (Due process) | Ex Parte Hearings, Wrong Address, | Loss of Property (Water)Access, |

4

| | Refusal of Service | Denial of Legal Redress |
|---|---|---|
| | | |

## PRIOR ATTEMPTS AT STATE RELIEF

Plaintiff diligently sought relief in the state courts of Florida, including filing motions and petitions to correct the deprivation of her rights. Despite these efforts and over a period of 18 months, Plaintiff's attempts were rejected, culminating in a denial of relief by the Florida Supreme Court.

As a result, no adequate remedy remains available to Plaintiff under state law, necessitating this federal action.

## FACTUAL ALLEGATIONS

Since approximately 2019, Defendants have unlawfully deprived Plaintiff of essential water services at her residence without notice or hearing.

Plaintiff attempted to resolve the issue administratively and legally through proper filings and court proceedings, but Defendants rejected her efforts without providing a fair hearing or notice.

Defendant Bradley Harper participated in procedural abuses, including ex parte hearings, and freezing Plaintiff out of the ability to be heard properly.

Defendant Lagos deliberately provided incorrect address information to the Palm Beach County Sheriff's Office to interfere with Plaintiff's lawful attempts to serve Defendants with process.

Defendants Lamb and DeJesus, both authorized agents for service of process, refused to accept proper legal service of process when tendered, further denying Plaintiff her access to courts.

**These actions were intentional, malicious, and designed to retaliate against Plaintiff for exercising her First Amendment rights to complain about her treatment.**

As a direct result of Defendants' actions, Plaintiff continues to live in unsafe, unhealthy, and inhumane conditions without access to basic water services, suffering ongoing emotional distress, physical hardship, and a deprivation of dignity.

## DEFENDANT MISCONDUCT CHART

| | |
|---|---|
| Bradley Harper | Conducted ex parte hearings, procedural denial, freezing out Plaintiff |
| Lagos | Provided false address to obstruct service of process |
| Lamb | Refused to accept service of process lawfully tendered |
| DeJesus | Refused to accept service of process lawfully tendered |
| City of Boynton Beach | Permitted and ratified unconstitutional acts of its agents and employees |

6

## LEGAL CLAIMS

### COUNT I — Violation of Procedural Due Process (Fourteenth Amendment)

Defendants deprived Plaintiff of property rights (essential water services) without providing notice or an opportunity to be heard, violating her procedural due process rights under the Fourteenth Amendment.

### COUNT II — Retaliation for Exercising First Amendment Rights

Defendants retaliated against Plaintiff for her lawful complaints and legal filings by denying her access to services and obstructing her access to courts, in violation of the First Amendment.

### COUNT III — Violation of Equal Protection (Fourteenth Amendment)

Defendants discriminated against Plaintiff based on her status as a pro se litigant, treating her differently than represented individuals without a rational basis, violating the Equal Protection Clause of the Fourteenth Amendment.

### COUNT IV — Cruel and Unusual Punishment (Eighth Amendment)

Defendants' actions subjected Plaintiff to inhumane living conditions by denying access to basic utilities necessary for human survival, in violation of the Eighth Amendment.

### COUNT V — Additional Due Process Violations (Ex Parte Hearings and Service Interference)

7

Defendants conducted ex parte hearings affecting Plaintiff's rights and obstructed her lawful service of process, depriving her of due process under the Fourteenth Amendment.

## PUNITIVE DAMAGES DEMAND

Defendants' actions were willful, malicious, and in reckless disregard of Plaintiff's constitutional rights. Plaintiff seeks punitive damages to punish Defendants and deter similar conduct in the future.

## DEMAND FOR JURY TRIAL

Pursuant to **Rule 38 of** the **Federal Rules of Civil Procedure,** Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Issue injunctive relief requiring immediate restoration of Plaintiff's essential water service;

b. Award compensatory damages to Plaintiff for emotional distress, physical hardship, and loss of dignity;

c. Award punitive damages against the individual Defendants;

d. Award costs of suit;

8

e. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,


Dated: May 16, 2025


Karen Bishop

Pro Se Plaintiff

1274 Frangipani Circle

Lantana, Florida 33462

canyonforest@gmail.com

561 307 3854

SUMMARY OF CASE

Plaintiff:

Karen Bishop

Defendants:

City of Boynton Beach; Judicial Officer Bradley Harper; Lagos; Lamb; DeJesus; and additional individuals as identified.

Nature of Action:

This is a civil rights action filed pursuant to 42 U.S.C. § 1983, alleging violations of the First, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff seeks relief for:

Unlawful termination of essential water services

Retaliation for protected First Amendment activity

Denial of procedural due process (including ex parte hearings)

Discrimination against Plaintiff as a pro se litigant

Subjecting Plaintiff to inhumane living conditions

Interference with service of process

Relief Sought:

Immediate injunctive relief (restoration of water service)

Compensatory damages (for emotional distress, hardship)

Punitive damages (for willful and malicious conduct)

Costs and any other relief the Court deems just

Urgency:

Plaintiff is suffering ongoing irreparable harm due to the lack of water and seeks emergency relief via a Motion for Temporary and Preliminary Injunction filed concurrently.

Respectfully Submitted,

Karen Bishop

/s/Karen L. Bishop

Pro Se Plaintiff