UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80606-DIMITROULEAS/MATTHEWMAN

KAREN BISHOP,

    Plaintiff,

v.

BRADLEY HARPER, *et al.*,

    Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Plaintiff Karen Bishop's ("Plaintiff") civil rights Complaint filed *pro se* pursuant to 42 U.S.C. § 1983 (the "Complaint") and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Motion") [DE 3]. United States District Judge William P. Dimitrouleas has referred the case to the Undersigned United States Magistrate Judge "for a ruling on all non-dispositive matters and for a Report and Recommendation on any dispositive matter." [DE 10]. For the reasons set forth below, the Undersigned **RECOMMENDS** that the Motion be **DENIED** and that the Complaint be **DISMISSED**, as further discussed below.

### I.    BACKGROUND

On May 19, 2025, Plaintiff filed a *pro se* Complaint alleging violations of her First, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 against Defendants City of Boynton Beach, Bradley Harper, George Lagos, Shawna Lamb, and May Lee DeJesus. [DE 1]. Plaintiff claims that "Defendants, acting under color of state law, unlawfully terminated Plaintiff's essential water services, retaliated against her for exercising her constitutional right to petition the

government for redress, denied her procedural due process through ex parte proceedings and refusal to accept service, discriminated against her as a pro se litigant, and subjected her to inhumane living conditions." *Id.* at 3. The crux of the Complaint seems to be that, since 2019, Plaintiff has not had essential water services at her residence. *Id.* at 5.

## II. RELEVANT LAW

"A pro se pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). However, "[t]here is no question that proceeding in forma pauperis is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (citing *Carter v. Thomas*, 527 F.2d 1332 (5th Cir. 1976)). Under § 1915(e), district courts "have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017).

A court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …." 28 U.S.C. § 1915(a). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a

complaint's allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).

### III.   DISCUSSION

Having carefully reviewed the Complaint and the applicable law, the Court finds that it is due to be dismissed as it fails to state a claim on which relief may be granted and seeks monetary relief against a defendant who is immune from such relief. Further, the Complaint wholly fails to state a cause of action against any Defendant and is frivolous in part as it lacks arguable merit in law.

First, the Complaint, which is extremely difficult to decipher, attempts to make allegations against Defendant Bradley Harper, a Circuit Court Judge for the Fifteenth Judicial Circuit, on the basis that he "participated in procedural abuses, including ex parte hearings, and freezing Plaintiff out of the ability to be heard properly." [DE 1 at 5]. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the "'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084–85 (11th Cir. 1996)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (citing *Stump*, 435 U.S. at 356). Based on the foregoing, and having carefully reviewed the entire Complaint, the claim against Judge Harper is clearly barred by the doctrine of judicial immunity. Therefore,

Plaintiff cannot proceed against Judge Harper. Since any amendment would be futile, the lawsuit against Judge Harper should be dismissed with prejudice.

Second, the Court cannot decipher the allegations against Defendant George Lagos. Plaintiff solely alleges that Defendant Lagos "provided incorrect address information to the Palm Beach Sheriff's Office to interfere with Plaintiff's lawful attempts to serve Defendants with process." [DE 1 at 5]. Plaintiff appears to be improperly assuming that anyone reading the Complaint has familiarity with certain state court proceedings. However, this allegation, without any further context, does not establish that Defendant Lagos deprived Plaintiff of a constitutionally protected liberty or property interest.

Third, the only allegations against Defendants Lamb and DeJesus are that they were "both authorized agents for service of process, refused to accept proper legal service of process when tendered, further denying Plaintiff her access to courts." [DE 1 at 6]. Again, without any further factual allegations, Plaintiff has failed to establish that Defendants Lamb or DeJesus deprived Plaintiff of a constitutionally protected liberty or property interest.

Fourth, there are no specific allegations against the City of Boynton Beach. It seems that Plaintiff has included the City of Boynton Beach as a defendant solely because the three defendant attorneys were allegedly employees or agents of the City of Boynton Beach. [DE 1 at 4]. Thus, as the allegations against the three attorney defendants are insufficient, the Complaint also fails to assert a proper claim against the City of Boynton Beach.

Fifth, Plaintiff further alleges that the actions of the above three Defendants were "intentional, malicious, and designed to retaliate against Plaintiff for exercising her First Amendment rights to complain about her treatment." [DE 1 at 6]. However, there are no facts explaining what complaints Plaintiff made in the first place or how Defendants allegedly retaliated

against her. The Complaint fails to state a claim as to the purported violation of Plaintiff's First Amendment rights.

Sixth, Plaintiff cannot assert a claim under the Eighth Amendment for inhumane conditions when there is no allegation that she has been convicted of a criminal offense or that she is incarcerated. *Stanfill v. Talton*, 851 F. Supp. 2d 1346, 1369 (M.D. Ga. 2012) ("The Eighth Amendment applies only to individuals who have been convicted of a criminal offense."); *see also Whitley v. Albers*, 475 U.S. 312, 318 (1986) ("The language of the Eighth Amendment, '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted,' manifests 'an intention to limit the power of those entrusted with the criminal-law function of government.'") (citing *Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 1408, 51 L.Ed.2d 711 (1977)).

Seventh, as to her Fourteenth Amendment claims, Plaintiff has not alleged the manner in which she believes she was discriminated against with sufficient facts. Nor has she asserted any factual allegations to support a retaliation or due process claim.

Finally, Plaintiff alleges that she "diligently sought relief in the state courts of Florida, including filing motions and petitions to correct the deprivation of her rights. Despite these efforts and over a period of 18 months, Plaintiff's attempts were rejected, culminating in a denial of relief by the Florida Supreme Court." [DE 1 at 5]. However, these vague, bare-bones allegations are lacking sufficient facts to establish constitutionally inadequate process.

Therefore, it is **RECOMMENDED** that the District Judge **DISMISS WITH PREJUDICE** Plaintiff's Complaint [DE 1] against Defendant Judge Bradley Harper, based on Plaintiff's failure to state a claim and under the judicial immunity doctrine. It is further **RECOMMENDED** that the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's

claims against the remaining Defendants and **DENY WITHOUT PREJUDICE** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3].

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of June 2025.

WILLIAM MATTHEWMAN
United States Magistrate Judge