UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80606-DIMITROULEAS/MATTHEWMAN

KAREN BISHOP,

    Plaintiff,

v.

CITY OF BOYNTON BEACH, *et al.*,

    Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS [DE 29]

THIS CAUSE is before the Court upon Defendants City of Boynton Beach ("City"); Shawna Lamb, in her official capacity as City Attorney ("Lamb"); George Lagos, in his official capacity as Assistant City Attorney ("Lagos"); and Maylee DeJesus, in her official capacity as City Clerk's ("DeJesus") (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Civil Rights Complaint ("Motion") [DE 29], which was referred to the Undersigned United States Magistrate Judge by United States District Judge William P. Dimitrouleas [DE 10]. Plaintiff Karen Bishop ("Plaintiff") has filed a Response [DE 30], Defendants have filed a Reply [DE 31], and Plaintiff filed a Sur-Reply [DE 34] with leave of court. For the reasons set forth below, the Undersigned **RECOMMENDS** that the Motion be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE.**

### I.    BACKGROUND

Plaintiff, proceeding *pro se*, filed her Complaint on May 16, 2025. [DE 1]. She alleged violations of her First, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 against

Defendants City of Boynton Beach, Bradley Harper, George Lagos, Shawna Lamb, and May Lee DeJesus. *Id.* She also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP motion") [DE 3]. Thereafter, the Undersigned entered a Magistrate Judge's Report and Recommendation, recommending that the District Judge dismiss with prejudice Plaintiff's Complaint against Defendant Judge Bradley Harper, dismiss without prejudice Plaintiff's claim against the remaining Defendants, and deny without prejudice Plaintiff's IFP motion. [DE 5]. The Report and Recommendation was adopted, and Plaintiff was provided leave to file an amended complaint to attempt to remedy the problems in the original Complaint. [DE 16].

On June 30, 2025, Plaintiff filed her First Amended Civil Rights Complaint [DE 18] and a new Application to Proceed in District Court Without Prepaying Fees or Costs [DE 19]. The Amended Complaint "is brought under 42 U.S.C. § 1983 to redress violations of the First, Fifth, and Fourteenth Amendments to the U.S. Constitution." [Am. Compl. at 2]. It alleges three counts: procedural due process under the 14th Amendment (Count I), retaliation under the 1st and 14th Amendments (Count II), and an equal protection violation under the 14th Amendment (Count III). *Id.* at 4–5. Plaintiff seeks a judgment in her favor, a declaration that Defendants' conduct violated her constitutional rights, compensatory damages, and injunctive relief. *Id.* at 6.

On July 17, 2025, the Court entered an Order Granting Plaintiff's Motion for Leave to Proceed in Forma Pauperis [DE 20]. The Order stated: "After a review of the First Amended Civil Rights Complaint [DE 18] and the attachments thereto, the Court finds that Plaintiff has arguably, albeit minimally at best, alleged sufficient facts to state plausible claims under 42 U.S.C. § 1983. However, this ruling in no way limits Defendants from making any good-faith argument they wish to make in a future motion to dismiss." *Id.* at 2.

In the Motion, Defendants move to dismiss the Amended Complaint for the following reasons: (1) the Amended Complaint is a shotgun pleading and (2) all three counts fail as a matter of law. [DE 29]. In response, Plaintiff claims that, if the Court finds deficiencies in the Amended Complaint, it should permit her to file a second amended complaint. [DE 30 at 3–4]. Plaintiff also argues that each count is plausibly pled. *Id.* at 3–5. The parties have also filed a Reply and a Sur-Reply, which generally reiterate these arguments, but also discuss the legitimacy of Plaintiff's damages theories. [DEs 31, 34].

## II.     LEGAL STANDARDS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Pleadings, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 680-681 (citations

3

omitted). The Court must review the "well-pleaded factual allegations" and, assuming their veracity, "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A plaintiff must, under *Twombly*'s construction of Rule 8, cross the line "'from conceivable to plausible.'" *Id.* at 680 (citation omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

However, the Court need not accept as true allegations that are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

### III.   DISCUSSION

Initially, the Court notes that Plaintiff is *pro se*. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). "Although *pro se* pleadings are held to a less stringent standard and construed liberally, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), a pro se complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure."

*Casper v. United States*, No. 23-24804-CV, 2024 WL 516959, at *1 (S.D. Fla. Jan. 23, 2024), *appeal dismissed,* No. 24-10398-C, 2024 WL 1984626 (11th Cir. Feb. 28, 2024) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

Defendants argue that the Amended Complaint is a shotgun pleading. "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that are simply replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

The Court agrees that the Amended Complaint is a shotgun pleading. Specifically, the Amended Complaint falls into the second and fourth categories of a shotgun pleading. First, the Amended Complaint is replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action. To the extent that Plaintiff relies on the exhibits attached to the Amended Complaint, this is improper without further explanation of how the exhibits specifically support the counts pled. Second, the Amended Complaint does not specify

which allegations or claims apply to each Defendant. Thus, Defendants cannot respond to the allegations as written.

The Court further notes that Plaintiff seemingly concedes that the individual Defendants have been sued in their official capacities and that "[o]fficial-capacity claims are duplicative of the municipality." [DE 30 at 5]. Therefore, this is yet another issue that needs to be remedied.

The Court finds that Plaintiff should be permitted to file a second amended complaint. While Defendants argue that Plaintiff has had "multiple opportunities to state viable claims and has failed" [DE 31 at 4], Plaintiff has only had one opportunity to amend. If Plaintiff does opt to file a second amended complaint, that complaint **MUST**: (1) separate each claim against each defendant; (2) provide factual allegations supporting each element of each claim; (3) eliminate all shotgun pleading characteristics; and (4) correct the issue regarding the duplicative official capacity claims. The Court also recommends that Plaintiff review each of Defendants' arguments in their Motion and Reply before drafting a second amended complaint. Plaintiff will not be provided an unlimited number of opportunities to amend her complaint. Finally, the Court sees no need to analyze the sufficiency of the individual counts until Plaintiff has corrected the other problems with her complaint.

## IV.   CONCLUSION

Plaintiff's Amended Complaint should be dismissed based on the reasons stated above. Thus, the Court **RECOMMENDS** that the Amended Complaint [DE 18] be **DISMISSED WITHOUT PREJUDICE**. Plaintiff should be permitted to file a second amended complaint by a date certain. If Plaintiff does opt to file a second amended complaint, that complaint **MUST**: (1) separate each claim against each defendant; (2) provide factual allegations supporting each

element of each claim; (3) eliminate all shotgun pleading characteristics; and (4) correct the issue regarding the duplicative official capacity claims.

## V. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of October 2025.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge