UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-80606-WPD

KAREN BISHOP,

    Plaintiff,

v.

BRADLEY HARPER, GEORGE LAGOS,
SHAWNA LAMB, MAY LEE DEJESUS,
CITY OF BOYNTON BEACH,

    Defendants.

_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE;
OVERRULING OBJECTIONS;
DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE**

THIS CAUSE is before the Court upon the October 1, 2025 Report and Recommendation of Magistrate Judge William Matthewman (the "Report") [DE 35]. The Court has conducted a *de novo* review of the Report [DE 35], Plaintiff Karen L. Bishop ("Plaintiff")'s Objection to Report and Recommendation [DE 36], and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de*

*novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiff's Objections to Magistrate Judge's Report and Recommendation.

On May 19, 2025, Plaintiff filed a *pro se* Complaint alleging violations of her First, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 against Defendants City of Boynton Beach, Bradley Harper, George Lagos, Shawna Lamb, and May Lee DeJesus. *See* [DE 1]. After the Court dismissed her original Complaint, Plaintiff filed an Amended Complaint on June 30, 2025. *See* [DE's 16, 18]. The Amended Complaint alleges violations of her First, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 against Defendants City of Boynton Beach, George Lagos, Shawna Lamb, and May Lee DeJesus. *See* [DE 18]. Defendants filed a Motion to Dismiss, seeking to dismiss the Amended Complaint because it is a shotgun pleading and because all three counts fail as a matter of law. *See* [DE 29].

The Magistrate Judge entered a Report on October 1, 2025 recommending that the Amended Complaint be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for the following reasons:

> Specifically, the Amended Complaint falls into the second and fourth categories of a shotgun pleading. First, the Amended Complaint is replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action. To the extent that Plaintiff relies on the exhibits attached to the Amended Complaint, this is improper without further explanation of how the exhibits specifically support the counts pled. Second, the Amended Complaint does not specify which allegations or claims apply to each Defendant. Thus, Defendants cannot respond to the allegations as written.
>
> The Court further notes that Plaintiff seemingly concedes that the individual Defendants have been sued in their official capacities and that "[o]fficial-capacity

2

claims are duplicative of the municipality." [DE 30 at 5]. Therefore, this is yet another issue that needs to be remedied.

*See* [DE 35] at pp. 5-6. Plaintiff filed an objection, stating that the Amended Complaint is sufficiently pled, and requesting leave to amend in the event the Court dismisses the Amended Complaint. *See* [DE 36]. The Court agrees with the Magistrate Judge's conclusions in the Report. Plaintiff's objections are overruled. However, as this dismissal is without prejudice, Plaintiff may file a second amended complaint in compliance with the requirements set forth below.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 35] is hereby **APPROVED**;

2. Plaintiff's Objection [DE 36] is **OVERRULED**;

3. The Motion to Dismiss [DE 29] is **GRANTED**;

4. The Amended Complaint [DE 18] is **DISMISSED WITHOUT PREJUDICE**;

5. If Plaintiff does opt to file a second amended complaint, that complaint **MUST**: (1) separate each claim against each defendant; (2) provide factual allegations supporting each element of each claim; (3) eliminate all shotgun pleading characteristics; and (4) correct the issue regarding the duplicative official capacity claims. The Court also recommends that Plaintiff review each of Defendants' arguments in their Motion and Reply before drafting a second amended complaint.

6. If a Second Amended Complaint is not filed on or before **November 5, 2025**, the Court shall close this case.

7. This case remains **REFERRED** to Magistrate Judge Matthewman. *See* [DE 10].

8. The Clerk shall email a copy of this order to the Plaintiff.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of October, 2025.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Matthewman
Karen Bishop at email: canyonforest@gmail.com