UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80606-DIMITROULEAS/MATTHEWMAN

KAREN BISHOP,

      Plaintiff,

v.

CITY OF BOYNTON BEACH,

      Defendant.

_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [DE 46]

THIS CAUSE is before the Court upon Defendant City of Boynton Beach's ("City") Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") [DE 46], which was referred to the Undersigned United States Magistrate Judge by United States District Judge William P. Dimitrouleas [DEs 10, 38]. Plaintiff Karen Bishop ("Plaintiff") has filed a Response [DE 49], and no timely reply has been filed. For the reasons set forth below, the Undersigned **RECOMMENDS** that the Motion [DE 46] be **GRANTED**, and that the Complaint be **DISMISSED WITH PREJUDICE.**

### I.      BACKGROUND

Plaintiff, proceeding *pro se*, originally filed a Complaint on May 16, 2025. [DE 1]. She alleged violations of her First, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 against the City of Boynton Beach, Bradley Harper, George Lagos, Shawna Lamb, and May Lee DeJesus. *Id.* She also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP motion") [DE 3]. Thereafter, the Undersigned entered a Magistrate Judge's Report

and Recommendation, recommending that the District Judge dismiss with prejudice Plaintiff's Complaint against Judge Bradley Harper, dismiss without prejudice Plaintiff's claim against the remaining defendants, and deny without prejudice Plaintiff's IFP motion. [DE 5]. The Report and Recommendation was adopted, and Plaintiff was provided leave to file an amended complaint to attempt to remedy the problems in the original Complaint. [DE 16].

On June 30, 2025, Plaintiff filed her First Amended Civil Rights Complaint [DE 18] and a new Application to Proceed in District Court Without Prepaying Fees or Costs [DE 19]. The Amended Complaint was "brought under 42 U.S.C. § 1983 to redress violations of the First, Fifth, and Fourteenth Amendments to the U.S. Constitution." [Am. Compl. at 2]. It alleged three counts: procedural due process under the 14th Amendment (Count I), retaliation under the First and Fourteenth Amendments (Count II), and an equal protection violation under the Fourteenth Amendment (Count III). *Id.* at 4–5. Plaintiff sought a judgment in her favor, a declaration that the conduct of various defendants violated her constitutional rights, compensatory damages, and injunctive relief. *Id.* at 6.

On July 17, 2025, the Court entered an Order Granting Plaintiff's Motion for Leave to Proceed in Forma Pauperis [DE 20]. The Order stated: "After a review of the First Amended Civil Rights Complaint [DE 18] and the attachments thereto, the Court finds that Plaintiff has arguably, albeit minimally at best, alleged sufficient facts to state plausible claims under 42 U.S.C. § 1983. However, this ruling in no way limits Defendants from making any good-faith argument they wish to make in a future motion to dismiss." *Id.* at 2.

On October 1, 2025, the Court entered a Report and Recommendation on the defendants' Motion to Dismiss [DE 35]. The Undersigned recommended that Plaintiff's Amended Complaint [DE 18] be dismissed without prejudice and that Plaintiff be permitted to file a second amended

complaint. [DE 35 at 6]. The Report and Recommendation was adopted over Plaintiff's objection, and Plaintiff was provided leave to file a second amended complaint to attempt to remedy the deficiencies of the Amended Complaint. [DE 38]. The Court required that, "[i]f Plaintiff does opt to file a second amended complaint, that complaint **MUST**: (1) separate each claim against each defendant; (2) provide factual allegations supporting each element of each claim; (3) eliminate all shotgun pleading characteristics; and (4) correct the issue regarding the duplicative official capacity claims. The Court also recommends that Plaintiff review each of Defendants' arguments in their Motion and Reply before drafting a second amended complaint." *Id.* at 3.

Plaintiff timely filed her Second Amended Complaint for Violation of Civil Rights ("SAC") [DE 45]. In the SAC, Plaintiff alleges violations of procedural due process under the Fourteenth Amendment (Count I), retaliation for protected speech under the First Amendment (Count II), and an equal protection violation under the Fourteenth Amendment (Count III). All of the allegations are solely made against the City, and Plaintiff has dropped her claims against the individual defendants. The SAC seeks damages for "cost of hauling water since 2019," "bankruptcy and escrow increases," emotional distress, and "legal filing, service, and postage expenses." It also seeks declaratory relief and injunctive relief (restoration of Plaintiff's water service).

## II.   MOTION AND RESPONSE

In the Motion, the City moves to dismiss the SAC for the following reasons: (1) the SAC is a shotgun pleading, and (2) all three counts fail as a matter of law. [DE 46].

In response, Plaintiff argues that the SAC eliminates the deficiencies in the prior complaints and is no longer a shotgun pleading [DE 49 at 2–3]. She also contends that all three counts, and her *Monell* claim, are sufficiently pled. *Id.* at 8–17.

### III.   <u>LEGAL STANDARDS</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Pleadings, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 680-681 (citations omitted). The Court must review the "well-pleaded factual allegations" and, assuming their veracity, "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A plaintiff must, under *Twombly*'s construction of Rule 8, cross the line "'from conceivable to plausible.'" *Id.* at 680 (citation omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

However, the Court need not accept as true allegations that are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## IV.   DISCUSSION

Initially, the Court notes that Plaintiff is *pro se*. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). "Although *pro se* pleadings are held to a less stringent standard and construed liberally, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), a pro se complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure." *Casper v. United States*, No. 23-24804-CV, 2024 WL 516959, at *1 (S.D. Fla. Jan. 23, 2024), *appeal dismissed,* No. 24-10398-C, 2024 WL 1984626 (11th Cir. Feb. 28, 2024) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim…Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (cleaned up).

A.   Shotgun Pleading

The City argues that the SAC is a shotgun pleading. "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that are simply replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

The Court agrees that the SAC is a shotgun pleading. Specifically, the SAC falls into the second category of a shotgun pleading as it is replete with conclusory and vague allegations. And, to the extent that Plaintiff relies on the exhibits attached to the SAC, this is improper without further explanation of how the exhibits specifically support the counts pled. Neither the Court nor the City can or should be expected to read the exhibits and attempt to interpret how they actually support the causes of action alleged in the SAC.

Even though the Court finds that the SAC is a shotgun pleading, warranting dismissal, the Court will also consider the individual counts as pled in the SAC in order to ensure completeness of the record.

### B.  The Individual Counts

Count I asserts a violation of procedural due process pursuant to the Fourteenth Amendment. Specifically, the SAC alleges that "Plaintiff had a protected property interest in municipal water service"; "[the City] denied this right without notice, opportunity to be heard, or lawful justification"; and the City rejected legal service, secured ex parte rulings, ignored legal filings and court summons, and denied "meaningful opportunity to be heard." [SAC ¶¶ 11–13]. "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994). Here, Plaintiff has insufficiently pled the state action and the constitutionally inadequate process elements. Plaintiff has solely provided threadbare recitals of the elements of the cause of action, which are more conclusory than factual. Further, Plaintiff improperly relies on the attachments (by exhibit letter and without any pin cites) to the SAC to supposedly support Count I without properly discussing them. And, to the extent the attachments consist of state court rulings against Plaintiff and technical defects in service attempts, the attachments do not establish constitutional violations anyway. Count I is insufficiently pled.

Count II asserts retaliation for protected speech under the First Amendment. The SAC alleges that Plaintiff engaged in protected activity by filing lawsuits and motions, attending hearings, and petitioning for service restoration, and, in retaliation, the City discontinued Plaintiff's water service, issued baseless liens and charges, obtained protective orders to block her

participation, and opposed emergency motions. [SAC ¶¶ 14–15]. "A constitutional claim brought pursuant to § 1983 must begin with the identification of a specific constitutional right that has allegedly been infringed." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1288 (11th Cir. 2019) (quoting *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019)). To prevail on a First Amendment retaliation claim under section 1983, a plaintiff must establish the following elements: "(1) [her] speech was constitutionally protected; (2) the [plaintiff] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). Here, the SAC is completely devoid of allegations that there is a causal relationship between the retaliatory actions and the protected speech. Further, the allegations regarding Plaintiff's protected activities and the adverse actions taken by the City lack sufficient factual support and are barebones. Count II is insufficiently pled.

Count III asserts a violation of Equal Protection under the Fourteenth Amendment. The SAC alleges that Plaintiff was treated differently than similarly situated residents in that other people with liens or nonpayment were not shut off for years, and others were provided the opportunity to mediate or negotiate. [SAC ¶ 16]. The SAC further alleges that Plaintiff's "treatment lacked rational basis and appears retaliatory and targeted" and that the City's "actions constitute a 'class of one' equal protection violation under *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000), consistent with a municipal practice of selective enforcement." [SAC ¶ 17]. "The equal protection clause of the Fourteenth Amendment requires that the government treat similarly situated people in a similar manner." *Mann v. Joseph*, 805 F. App'x 779, 785 (11th Cir. 2020) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). In order to plead a

plausible claim that her right to equal protection was violated, Plaintiff had to allege "that (1) [s]he is similarly situated with other p[ersons] who received more favorable treatment; and (2) [her] discriminatory treatment was based on some constitutionally protected interest, such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal quotation marks omitted). Here, the SAC does not allege the discriminatory treatment was based on a constitutionally protected interest. Further, Plaintiff's other limited allegations in support of Count III lack factual support and are barebones. Count III is, thus, insufficiently pled.

## V.   CONCLUSION

Plaintiff's Amended Complaint should be dismissed based on the reasons stated above. The Court has already provided Plaintiff with two chances to replead her complaint and has instructed her on how to do so. At this point, it is appropriate to dismiss this case with prejudice. *See Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at *3 (11th Cir. Oct. 7, 2021) ("When a plaintiff files a shotgun pleading, a district court must give him *one chance* to replead before dismissing his case with prejudice on shotgun pleading grounds." (emphasis added)). Furthermore, upon careful review of the entire docket in this case, it seems that any future amendment would be futile. *See Marshall v. Aryan Unlimited Staffing Sol.*, 599 F. App'x 896, 899 (11th Cir. 2015) ("A district court, however, is not required to permit amendment if 'amendment would be futile.'" (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Thus, the Court **RECOMMENDS** that the Second Amended Complaint [DE 46] be **DISMISSED WITH PREJUDICE** and all pending motions be denied as moot.

## VI.   NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States

District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of January 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge